IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MAURICE JEROME MCDONALD                                                      PETITIONER

VS.                              CASE NO. 4:98CR00091 JMM

UNITED STATES OF AMERICA                                                     RESPONDENT

ORDER

Pending before the Court is petitioner's motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255.  For the reasons stated below the motion is denied.

"[Petitioner] was one of fifty-four people indicted for being a member of a large drug ring in Arkansas.  He was convicted by a jury on four charges: (1) Count 1--conspiracy to distribute cocaine, cocaine base, marijuana, and PCP, 21 U.S.C. §§ 841, 846; (2) Count 39--distribution of two ounces of cocaine base (i.e., crack), 21 U.S.C. § 841; (3) Count 46--distribution of fifteen ounces of cocaine base, 21 U.S.C. § 841; and (4) Count 67--being a felon in possession of a firearm, 18 U.S.C. § 922(g)."  *United States v. McDonald*, 336 F.3d 734 (8th Cir. 2003).

On direct appeal, the Court of Appeals found that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) applied to petitioner's sentences for Counts 1 and 46, and remanded his case for re-sentencing on those Counts.  *United States v. Nicholson*, 231 F.3d 445 (8th Cir. 2000).   The Court additionally held that the sentence given petitioner for his being a felon in possession of a firearm was based upon an error in the pre-sentence report and vacated that sentence so that it could be redetermined upon remand.  *Id*. at 453.   However, the 8th Circuit "specifically considered and rejected a challenge based upon the sufficiency of the evidence and the application of *Apprendi* to [petitioner's] sentence imposed for Count 39.  *Id.*

1

Petitioner's 28 U.S.C. § 2255 motion[1] seeks to set aside his life sentence for conviction on Count 39 and his five year sentence on Count 46 based upon (1) the holdings in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621, (2005); (2) ineffective assistance of counsel; (3) jury instruction error; (4) insufficiency of the evidence; and (5) the sentencing disparities between a sentence for crack cocaine and powder cocaine.

In *Never Misses a Shot v. United States of America*, 413 F.3d 781, 783 (8th Cir. 2005) the Eighth Circuit held that the "new rule" announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings.  Because petitioner's criminal conviction became final before the decisions in *Blakely* or *Booker* were announced, and because these cases are before this Court on collateral review these cases are inapplicable to petitioner's § 2255 motion.[2]

Petitioner's claims regarding *Apprendi* and the insufficiency of the evidence on Count 39 and Count 46 are not properly before this Court because they have already been reviewed on direct appeal.  *See Thompson v. United States*, 7 F.3d 1377, 1379 (8th Cir. 1993) (claims considered on direct appeal are not cognizable on § 2255 motions).  Moreover, his claim of ineffective

---

[1] Petitioner's appointed counsel filed a § 2255 motion on December 7, 2004 and petitioner filed a *pro se* § 2255 on December 17, 2004.  Petitioner's second appointed counsel filed an § amended § 2255 motion on September 26, 2005 after seeking, and gaining, extensions of time to file the amended petition.  The government responded to the amended § 2255 motion on March 14, 2006.  The Court will consider the March 14, 2006 petition as an amended/supplemental petitions as all the claims ultimately are related to the earlier petitions' *Apprendi* and due process issues.  *See United States v. Hernandez*, 436 F.3d 851 (2006).

[2] The Supreme Court denied petitioner's petition for writ of certiorari on his direct appeal on March 25, 2004.  *Blakely* was decided on June 24, 2004 and *Booker* was decided on January 12, 2005.

assistance of counsel based upon (1) trial counsel's failure to object or move for a mistrial; (2) failure to object to enhancements on Count 39; (3) the jury instructions; and (4) failure to bring up prosecutorial misconduct on direct appeal are attempts to re-litigate the alleged error in jury instructions and the insufficiency of the evidence which have previously been presented to, and rejected by, the Court of Appeals.

Even if these claims were properly before the Court, they would be without merit. The transcript of the trial reflects that Edwin Ray testified that on different occasions he purchased 2 ounces, 4 1/2 ounces, and 9 ounces of crack cocaine from petitioner resulting in there being sufficient evidence for the jury to find petitioner guilty on Count 39. The affidavit of petitioner's trial counsel does not reflect that counsel was ineffective, and the alleged errors at trial, sentencing, and on appeal are all to some degree related to the sufficiency of the evidence. Petitioner has failed to demonstrate both a deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984).

Finally, petitioner's claim based upon the sentencing disparities between a sentence for crack cocaine and powder cocaine are without merit. *See United States v. Lattimore*, 974 F.2d 971 (8th Cir. 1992).

The petition is denied (#1688, #1690, #1712). The denial of the petition renders petitioners' Motions for Hearing (#1713, #1714, #1715) and his Motion for Pleading Schedule (#1716) moot.

IT IS SO ORDERED THIS  21  day of March, 2006.

James M. Moody
United States District Judge

3