**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

v.                    Case No.   **4:98CR00091-02 JMM**

**MAURICE JEROME MCDONALD**

**ORDER DENYING SENTENCE REDUCTION**

Before the Court is Defendant's *pro se* and supplemental Motions to Reduce Sentence. Defendant requests a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission, effective March 3, 2008.[1] The Court has reviewed Defendant's case to determine whether he is eligible for a sentence reduction. Based upon such review, the Court concludes that Defendant is not entitled to a reduction of his sentence.

Not every person sentenced for a crack cocaine offense is eligible for a sentence reduction.[2] Only those persons currently serving a sentence determined or affected by a sentencing range calculated using the drug quantity table, U.S.S.C. § 2D1.1, are potentially eligible. Even then, there are some defendants for whom the recalculated guideline range, using amended § 2D1.1, will be equal to the original guideline range. In such cases, the defendant's guideline range is not lowered as a result of the retroactive amendment, and there is no basis for a sentence reduction.

---

[1] *See* United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008).

[2] *See, generally*, U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)(March 3, 2008).

Defendant was convicted on Counts 1, 39, 46, and 67 of an indictment after a trial before Judge Stephen M. Reasoner in the United States District Court for the Eastern District of Arkansas. Defendant was sentenced by Judge Reasoner on November 22, 1999 to mandatory life sentences on Counts 1, 39, and 46 and a concurrent term of 240 months on count 67.[3] These sentences were based upon an offense level of 43 which consisted of a base offense level of 38, an additional 5 points for specific offense characteristics and adjustments, and a criminal history category of IV. Defendant successfully appealed three of these sentences on *Apprendi*[4] issues resulting in a remand by the Court of Appeals for the Eighth Circuit for re-sentencing on Count 1, 46, and 67. The mandatory life sentence on Count 39 was unaffected by the appeal.

On November 22, 2002, defendant was re-sentenced by Judge Reasoner to 20 years on Count 1, to 5 years on Count 46, and to 120 months on Count 67. The Court stated at the end of the sentencing hearing that the sentence on Count 39 remained the same. All sentences were to run concurrent.

Defendant contends that the amended guidelines apply to him because his conviction on Count 39 was for distribution of two ounces of crack cocaine and because application of the crack cocaine penalty reductions would reduce his base offense level by two levels from 38 to 36. If defendant's base offense level were reduced to 36, the addition of the 5 additional points for specific offense characteristic would result in a total offense level of 41. Under the sentencing guidelines, a total offense level of 41 and a criminal history of IV results in a guideline range of

---

[3] For sentencing purposes Count 39 was grouped with Counts 1, 46, and 67 pursuant to U.S.S.G. § 3D1.2(2)(c) & (d).

[4] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

360 months to life which is less than the life sentence guideline range he was originally given for Count 39.

A review of the pre-sentence report, the transcripts from the two sentencing hearings, and the letter sent by the government to Judge Reasoner on November 16, 1999, establishes that the pre-sentence report which calculated a base offense level of 38 was based upon the defendant being held responsible for 150 kilograms of cocaine.  The government stated in its letter that even if the defendant were not held responsible for 150 kilograms of cocaine, the evidence at trial would allow Judge Reasoner to consider that the defendant was connected to more than 1.5 kilograms of crack cocaine which would also result in a base offense level of 38.

At the sentencing hearing on November 22, 1999, Judge Reasoner reiterated that it was the government's position that using either the amount of cocaine or the amount of crack cocaine attributable to the defendant would result in a base offense level of 38.   Nonetheless, Judge Reasoner sentenced the defendant to a mandatory life sentence on Count 39 using the pre-sentence report which held the defendant accountable for 150 kilograms of cocaine.

At defendant's re-sentencing hearing held in 2002, Judge Reasoner stated that he did not have the jurisdiction to change the sentence on Count 39 as the Court of Appeals for the Eighth Circuit had not remanded the Count 39 sentence back to him for any action.  On the subsequent appeal of defendant's 2002 sentence, the Eighth Circuit agreed and stated in regard to Count 39 that "neither the conviction nor the sentence was remanded for any further action.  The District Court had nothing to do on remand with respect to this count."  *United States V. McDonald*, 336 F.3d 734, 737 (8th Cir. 2003).

As stated above, the original life sentence was based upon a pre-sentence report which held defendant accountable for 150 kilograms of cocaine. Thus the crack cocaine penalty reductions are not applicable to defendant's sentence.

Even if the crack cocaine penalty reductions were applicable, defendant's base offense level would not be changed. Pursuant to U.S.S.G. § 2D1.1, Application Note 10(D), when determining the base offense level for conduct involving crack cocaine and cocaine, the drug equivalency tables are used to calculate the combined base offense level. The combined base offense level is then reduced by two points to take into account the crack cocaine penalty reductions unless the two point reduction results in a base offense level lower than the highest level available. Here the highest level available would be 38 based upon the amount of cocaine attributed to defendant. That being the case the base offense level would remain at 38.

## CONCLUSION

Because the determination of Defendant's sentence of imprisonment is unaffected by the retroactive crack cocaine amendment, the Motions to Reduce Sentence (Docket #1786 and #1791) are DENIED.

IT IS SO ORDERED THIS __19__ day of __September__, 2008.

_____
UNITED STATES DISTRICT JUDGE