# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                  4:98-CR-00091-02-SWW

MAURICE JEROME MCDONALD

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 2006) is DENIED.

## I.     BACKGROUND

On February 3, 1999, a jury found Defendant guilty of conspiracy to distribute and possession with intent to distribute cocaine, cocaine base, marijuana, and PCP (Count 1), distribution of 56.7 grams of crack cocaine (Count 39), distribution of 6.8 kilograms of marijuana (Count 46), and being a felon in possession of a firearm (Count 67).[1]  He was sentenced to life in prison.[2] Defendant's sentence was reduced to 360 months in April 2016.[3]

---

[1] Doc. No. 1129.

[2] Doc. Nos. 1474, 1476. Originally, Defendant was sentenced to life on the drug convictions and 240 months on the felon in possession conviction.

[3] Doc. No. 1929.

1

## II.  DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[4]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[5]  Defendant asserts that he requested compassionate release from the warden on August 10, 2020.  It has been thirty days since the request was submitted, and there has been no response.  Accordingly, the issue is properly before this Court.

Defendant seeks compassionate release based on his sleep apnea.  First, this health condition is not an "extraordinary and compelling" reason warranting release.  Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[6]  Defendant's

---

[4] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[5] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

[6] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to

health condition is not listed. Furthermore, Defendant has provided no argument or evidence that his health condition cannot be controlled with medication or that it prevents him from independently functioning within the prison. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[7] Third, Defendant is 49 years old, which means he does not meet the age and minimum under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has over five prior convictions. They include theft, possession of drugs, and felon in possession of a firearm. In fact, he committed the instant offense while on probation for an earlier conviction.

---

recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[7]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

The severity of the instant offense must also be considered. Defendant was the supervisor and manager of a cross-country drug-distribution ring that involved over fifty co-conspirators.  The group was responsible for the transportation and distribution of 20-50 kilograms of cocaine powder and crack, 1-2 gallons of PCP, and 200-300 lbs of marijuana <u>per month</u> for an undetermined amount of time. Defendant, a convicted felon, also possessed a firearm during the instant offense.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 2006) is DENIED.

IT IS SO ORDERED, this 16th day of March, 2021.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE
